STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. WILLIAM B. EBRON, DEFENDANT-RESPONDENT.
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. WILLIAM B. EBRON, DEFENDANT-APPELLANT.

Argued April 25, 1972—Decided July 21, 1972.

Mr. *David Noah Dubrow,* Assistant Prosecutor, argued the cause for plaintiff-appellant-respondent (*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney; *Mr. Dubrow,* of counsel, and on the brief).

Mr. *David P. Jacobs,* Assistant Deputy Public Defender, argued the cause for defendant-respondent-appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney; *Mr. Jacobs,* of counsel, and on the brief).

The opinion of the Court was delivered by

MOUNTAIN, J.  Defendant was tried and convicted upon a four-count indictment, of possessing heroin, cocaine, methadone and marijuana in violation of *N. J. S. A.* 24:18–4.[1]  On appeal the Appellate Division concluded that defendant's pretrial motion to suppress should have been granted, basing its decision upon what that court felt to be the inadequacy of the affidavit upon which a search warrant

---

[1]This statute was repealed by *L.* 1970, *c.* 226, § 47. The offense formerly covered by this act is now to be found in *N. J. S. A.* 24:21–20.

had issued. Accordingly it reversed the conviction and remanded the case for appropriate disposition by the trial court. At the same time it ruled against the defendant upon the issues of double jeopardy and collateral estoppel which he had unsuccessfully raised before the trial court. 113 *N. J. Super.* 152 (1971). Both sides sought certification and both petitions were granted. 58 *N. J.* 333 (1971).

The facts are set forth in the opinion of the Appellate Division but for convenience will be briefly restated. On January 4, 1968, officers from the Newark Narcotics Squad executed a search warrant at 86 West Kinney Street. In a basement apartment they found defendant in bed; further search revealed the various drugs mentioned above. They also found a hypodermic needle, a syringe and some Tuinal capsules. In addition to the crimes set forth in the indictment, defendant was also charged, in complaints filed in the Municipal Court of the City of Newark, with the disorderly persons offenses of unlawfully possessing a hypodermic needle, *N. J. S. A.* 2A:170–77.5, and legend drugs (Tuinal capsules), *N. J. S. A.* 2A:170–77.8. The trial of these complaints in the Municipal Court resulted in acquittals. It is upon these judgments of acquittal that defendant bases his defenses of double jeopardy and collateral estoppel.

The detective's affidavit upon which the search warrant issued is set forth verbatim in the opinion below, 113 *N. J. Super.* at 154–155. It states that the affiant has good cause to believe that narcotic drugs and paraphernalia used in connection with their sale or possession are concealed upon the above mentioned premises and are there being sold. This belief rests upon information said to have been received from reliable sources and from an informer who had proven reliable in the past. The affidavit further states that the affiant, together with five other detectives, placed the premises under surveillance upon three successive days for designated periods of time, and that seven named persons, each known to be a drug addict, were seen to pay brief visits during these intervals of observation. The affidavit also points out that 86

West Kinney Street was owned by defendant's mother who, at the time, was appealing a jail sentence for the possession of narcotics.

We consider first the adequacy of the affidavit. The Fourth Amendment to the Federal Constitution and Article I, paragraph 7 of the Constitution of this State, in almost identical language, forbid unreasonable searches and seizures and direct that no search warrant shall issue except upon probable cause. Probable cause has proven to be an elusive concept. It is something more than unsupported suspicion but may be less than proof needed to convict. *State v. Davis,* 50 *N. J.* 16, 23 (1967). It may rest upon evidence not competent at a trial, as for instance upon credible hearsay. *State v. Kasabucki,* 52 *N. J.* 110, 116–117 (1968). Where the allegations contained in the affidavit are solely the report of an unidentified informant there must be, in the totality of proofs submitted to the issuing magistrate, something from which he can reasonably conclude that the informer is trustworthy and something further in the way of "underlying circumstances" sufficient to support an independent judgment on his part as to the validity of the facts set forth. *State v. Perry,* 59 *N. J.* 383, 389 (1971) ; *Aguilar v. Texas,* 378 *U. S.* 108, 84 *S. Ct.* 1509, 12 *L. Ed.* 2d 723 (1964). When the informant's statement fails to meet this "two-pronged test," the affidavit may nevertheless be sufficient if elsewhere in the application there is enough to "permit the suspicions engendered by the informant's report to ripen into a judgment that a crime was probably being committed." *Spinelli v. United States,* 393 *U. S.* 410, 418, 89 *S. Ct.* 584, 590, 21 *L. Ed.* 2d 637, 645 (1949). See also, *Draper v. United States,* 358 *U. S.* 307, 79 *S. Ct.* 329, 3 *L. Ed.* 2d 327 (1959) ; *Whiteley v. Warden, Wyoming State Penitentiary,* 401 *U. S.* 560, 91 *S. Ct.* 1031, 28 *L. Ed.* 2d 306 (1971). We think the affidavit before us meets this test.

The reliability of the informant is adequately vouched for by the statement that he "has proved reliable in the past." Satisfactory earlier experience is sufficient to

meet this requirement. *State v. Perry,* 59 *N. J.* 383 at 390. The observations made during the periods of surveillance, precisely identifying seven known drug addicts as visitors to the premises, give strong support to the informer's tip. Further support is provided by the allegation that the house on West Kinney Street belongs to defendant's mother, who is currently appealing a sentence for possession of narcotics. While his mother's dereliction cannot condemn this defendant, and presumably would be inadmissible at his trial as evidence of guilt, nevertheless the likelihood of his association with drugs and drug addicts that may fairly be inferred from this statement may properly be given some weight on the issue of probable cause. It is clear that were defendant a known user of drugs, that fact might be so considered. *Jones v. United States,* 362 *U. S.* 257, 271, 80 *S. Ct.* 725, 736, 4 *L. Ed.* 2d 697, 708 (1960). Although entitled to less weight, association of the kind suggested may likewise be a legitimate consideration. Furthermore, the implication of the premises themselves with this illegal activity — a fair inference from the fact of the mother's ownership coupled with her conviction — gives some additional support to the likelihood that a crime is being committed. As Chief Justice Burger recently said in *United States v. Harris,* 403 *U. S.* 573, 584, 91 *S. Ct.* 2075, 2082, 29 *L. Ed.* 2d 723, 734 (1971),

. . . [T]he informant's admission that over a long period and currently he had been buying illicit liquor on certain premises, itself and without more, implicated that property and furnished probable cause to search.

These latter factors, resting as they do upon inference are certainly not strong evidence of crime. In recognizing them at all we mean only to say that they may be considered — along with all other relevant facts and circumstances — as entitled to some weight on the probable cause issue. See also *State v. Mercurio,* 57 *N. J.* 367 (1971), aff'd o. b. 113 *N. J. Super.* 113 (App. Div. 1970) and *State v. Mack,* 114

*N. J. Super.* 513 (App. Div. 1971), certif. den. 59 *N. J.* 268 (1971).

Having determined that the trial court properly denied defendant's motion to suppress, we next consider his argument that he should have been exonerated of the charges against him on grounds of double jeopardy or collateral estoppel. As stated above, defendant was tried and acquitted in the Newark Municipal Court of having unlawfully possessed a hypodermic needle and certain legend drugs. He argued that this prior disposition of the issue of possession with respect to those articles now entitles him, upon this trial, to the benefit of these defenses. All of the items of contraband were found on the premises during the search on January 4. Ninety-four glassine envelopes containing heroin had been secreted in venetian blinds in the kitchen. A hypodermic needle was found elsewhere in the kitchen. All of the other articles were discovered in an overnight bag in the closet of a small room adjacent to the bedroom in which the defendant was found in bed. Both at the suppression hearing and at the trial defendant testified he did not live in the apartment, was there only temporarily at the time of the search and had no knowledge that articles of contraband were present. This testimony was controverted by the State's proofs.

The Fifth Amendment of the Federal Constitution says, ". . . nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb," while Article I, paragraph 11 of our State Constitution provides that "[n]o person shall, after acquittal, be tried for the same offense." Despite the dissimilarity in the language of these provisions, they have come to be recognized as substantially coextensive in principle and scope. *State v. Farmer,* 48 *N. J.* 145, 168 (1966), *cert.* den. 386 *U. S.* 991, 87 *S. Ct.* 1305, 18 *L. Ed.* 2d 335 (1967); *State v. Williams,* 30 *N. J.* 105, 122 (1959). Furthermore it is now settled that through the Fourteenth Amendment the double jeop-

ardy provision of the Fifth Amendment is binding on the states, *Benton v. Maryland,* 395 *U. S.* 784, 89 *S. Ct.* 2056, 23 *L. Ed.* 2d 707 (1969).

In *Ashe v. Swenson,* 397 *U. S.* 436, 90 *S. Ct.* 1189, 25 *L. Ed.* 2d 469 (1970) the Supreme Court defined collateral estoppel as meaning simply "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." 397 *U. S.* at 443, 90 *S. Ct.* at 1194, 25 *L. Ed.* 2d at 475. It went on to hold, for the first time, that the rule of collateral estoppel is embodied in the Fifth Amendment guarantee against double jeopardy. Thus a defendant urging collateral estoppel is now projecting an argument of constitutional dimension. Compare *State v. Cormier,* 46 *N. J.* 494, 505 (1966).

Furthermore, and contrary to some earlier holdings, it is now settled that the defense of double jeopardy is available to a defendant, even though the first trial was in a municipal court, as is here the case. *Waller v. Florida,* 397 *U. S.* 387, 90 *S. Ct.* 1184, 25 *L. Ed.* 2d 435 (1970).[2] Thus the defendant's argument is clearly couched in substantial constitutional terms.

Yet more is required if he is to succeed. How is a court in this proceeding to know whether the Municipal Court judgments did in fact actually determine the issue defendant now seeks to foreclose? The *Ashe* court indicates that this knowledge is to be forthcoming from an examination of the record of the prior proceeding, taking into account the pleadings, evidence, charge and any other relevant matter. 397 *U. S.* at 444, 90 *S. Ct.* at 1194, 25 *L. Ed.* 2d at 475–476. This has been the procedure generally followed here in New Jersey. Note, for instance, Justice Jacobs' reference to the practice of examining "the record to ascertain what matters

---

[2]The rule announced in *Waller v. Florida* was already the law in New Jersey. See *State v. Dixon,* 40 *N. J.* 180 (1963) ; *State v. Mark,* 23 *N. J.* 162 (1957) and *State v. Labato,* 7 *N. J.* 137 (1951).

were actually litigated and determined in the earlier proceeding. . . ." *State v. Cormier, supra,* 46 *N. J.* 494 at 507. In cases of this sort the defendant who relies upon collateral estoppel must present to the second tribunal so much of the record of the first proceeding as may be necessary to show that an issue he seeks to exclude from the subsequent trial was "necessarily determined" in the prior proceeding. *United States v. Smith,* 446 *F.* 2d 200 (4th Cir. 1971); *United States v. Friedland,* 391 *F.* 2d 378 (2nd Cir. 1968). In *Friedland* the defendant claimed that proof of certain facts was barred by collateral estoppel resulting from a prior acquittal on another charge in a federal court in California. Chief Judge Lumbard said,

> Furthermore, appellant has not shown that any specific facts in the present record were concluded in his favor by the California acquittal. Collateral estoppel applies only to those matters which were determined by the prior verdict. See Sealfon v. United States, 332 U. S. 575, 578, 68 S. Ct. 237, 92 L. Ed. 180 (1948); Yates v. United States, 354 U. S. 298, 336–338, 77 S. Ct. 1064, 1 L. Ed. 2d 1356 (1956); United States v. Kramer, 289 F. 2d 909 (2d Cir. 1961). The party claiming the estoppel, in this case the appellant, has the burden of proof on this issue. United States v. Feinberg, 383 F. 2d 60, 71 (2d Cir. 1967). Appellant did not present the transcript of the California trial to the court below; on the record before Judge Tyler, there was no basis for ascertaining what issues were determined by the acquittal in the prior trial.
>
> The appellant cannot shift to the trial judge the burden of establishing a record sufficient for this purpose. Appellant argues that the trial court, on its own initiative, should have read the record of the California trial. We do not think that the trial judge was required, without any such request by the defendant, to read the lengthy record of the prior trial. On the face of the California indictment, there was no indication that those proceedings involved any of the events at issue in the trial of the present case. If, as appellant asserts, the evidence at the California trial in fact included testimony concerning the meetings in appellant's office in April and May 1965 and other events involved in the trial of the present case, the burden was on appellant to present these portions of the California record to the court below. [*United States v. Friedland, supra,* 391 F. 2d at 382]

██ ██ Under our rules of criminal procedure the defense of double jeopardy must be raised by motion before

trial. *R.* 3 :10–2. At the hearing on his pretrial motion defendant introduced practically nothing to show what took place in the Municipal Court. In fact nothing was offered with respect to these earlier proceedings except copies of the complaints and certificates from the Clerk of the Municipal Court indicating that the trial on each complaint had ended in an acquittal. There is nothing to show what testimony or proofs were presented to the Municipal Court Judge and accordingly there is no basis for a determination that a factual issue was finally decided in that case which has been relitigated here. We cannot, for instance, assume that because the Municipal Court Judge (there was no jury) reached the conclusion that defendant did not possess the hypodermic needle and the Tuinal capsules, it must follow that he also did not possess the other drugs. Some knowledge of the testimony presented at the first hearing is absolutely essential to such a determination.

Of course we recognize that the defendant is handicapped by being unable to secure a transcript of the Municipal Court record, because none was made, stenographically or otherwise.[3] But adequate substitutes for a transcribed record have been accepted and deemed sufficient on other like occasions. In *State v. Labato, supra,* 7 *N. J.* 137, an agreed statement as to what took place before the Police Court was presented to the County Court in support of defendant's plea of double jeopardy. 7 *N. J.* at 142. In *State v. Mark, supra,* 23 *N. J.* 162, the defendant produced the magistrate, the chief of police and the deputy chief of police all of whom testified as to what had been said at the first proceeding. 23 *N. J.* at 164–165. Similarly, in *State v. Dixon, supra,* 40 *N. J.* 180, the Municipal Magistrate reconstructed what had taken place before him, submitting affidavits as well as testifying in person. 40 *N. J.* at 184. We hold that a defendant in a criminal proceeding

---

[3]As to present requirements for the recording of proceedings in Municipal Courts, see *R.* 7 :4–5.

who relies upon the defenses of double jeopardy or collateral estoppel must place in evidence such material as he wishes the court to consider in support of this plea. This the defendant has not done.

We have carefully considered the other points raised by defendant as grounds for setting aside his conviction and find them to be without merit.

The judgment of the Appellate Division is reversed and the judgment of conviction is reinstated.

*For reversal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN.—7.

*For affirmance*—None.