No. 72–6778. BURT *v.* NEW JERSEY ET AL. C. A. 3d Cir. Certiorari denied.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BRENNAN and MR. JUSTICE MARSHALL concur, dissenting.

In *Griffin* v. *California,* 380 U. S. 609 (1965), we held that the Fifth Amendment guarantee against self-incrimination prohibits a prosecutor from commenting to the jury upon the defendant's failure to testify at his trial. Such a practice would place a price on the defendant's invocation of his constitutional privilege—a price that would seriously undermine the value of that privilege. And in *Miranda* v. *Arizona,* 384 U. S. 436 (1966), we held that the prosecutor may not introduce into evidence statements of the accused taken while he was in police custody, unless those statements were made in compliance with procedures ensuring that the accused had understood and intelligently waived his Fifth Amendment privilege.

Indeed we said in *Miranda:*

"In accord with our decision today, it is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation. The prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in the face of accusation." *Id.,* at 468 n. 37.

This case presents a situation very much like those found constitutionally wanting in *Miranda* and *Griffin*. Here the accused apparently understood his Fifth Amendment privilege and said nothing while in police custody, and that silence was brought before the jury by the prosecutor, who argued that they could infer guilt from it. Seeking to vindicate his federal constitutional rights, the prisoner ultimately brought an action for habeas corpus in federal court, and the District Court granted the writ. The Court of Appeals reversed.

Petitioner has been convicted of murder. It was uncontested that he shot the deceased while alone with him, but petitioner maintained that the gun went off accidentally during a scuffle which began when the deceased pointed the gun at him. The petitioner was arrested later that night when the police found him asleep inside a tire store where he was once employed. Unaware of the shooting, the police charged him only with breaking and entering. They asked him no questions about the killing earlier that evening, and he volunteered no information. It was this silence—this act of not volunteering incriminating information—that was ultimately used against him.

At trial he testified in his own behalf and told his story of the accidental shooting. On cross-examination the prosecutor brought out that the defendant had not told this story to the police. The defense asked for a curative instruction to the jury, informing it that the defendant had no duty to tell the police that he had just shot someone. This was denied. Apparently encouraged, the prosecutor told the jury in summation:

> "He never told the police he accidentally shot Shorty Owens, never, at least up until the time he was lodged in Camden County Jail, and yet he is

here, sitting here today asking you to believe this story.

"If this was an accidental shooting, why didn't he go and say, 'I just accidentally shot somebody.' "
*Burt* v. *Yeager,* 342 F. Supp. 188, 192 (N. J. 1972).

In upholding the conviction the court below found that *Harris* v. *New York,* 401 U. S. 222 (1971), not *Griffin, supra,* was controlling. In *Harris* the majority held that statements otherwise barred by *Miranda* may be introduced to impeach a defendant with the temerity to testify in his own behalf. It is argued that here, as in *Harris,* the defendant's prior statements are inconsistent. But of course here there are no prior statements; it is the defendant's silence that is used against him. The District Court, after carefully reviewing the record, found that the silence was just as consistent with the defendant's story as with the prosecution's case. In reversing, the Court of Appeals concluded otherwise. We thus seem to have come to the point where the exercise of one's constitutional rights can be offered to the jury as evidence of guilt.

We should grant this petition for certiorari.