127 N.J. Super. 55 (1974)
316 A.2d 61
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RAYMOND DAVIS AND ERNEST PACE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted October 24, 1973.
Decided February 20, 1974.
*56 Before Judges HANDLER, MEANOR and KOLE.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellants (Mr. Edward Weisslitz, First Assistant Deputy Public Defender, of counsel and on the brief).
Mr. George F. Kugler, Jr., Attorney General, attorney for respondent (Mr. Robert J. Genatt, Deputy Attorney General, of counsel, and Messrs. Willard E. Byer, Jr. and Alfred J. Luciani, Deputy Attorneys General, on the brief).
The opinion of the court was delivered by MEANOR, J.A.D.
These defendants appeal their convictions for armed robbery. The offense took place October 4, 1968 at the home of Joseph Celona, Pleasantville, New Jersey. *57 At the time Celona was at the dining room table counting the day's receipts from his retail store. In the living room of the home were Mrs. Mary Heckroth, who is Celona's sister, and their elderly parents. When Celona answered a knock on the door, defendants entered, announcing "This is a stick up." Defendant Ernest Pace had a shotgun and defendant Raymond Davis brandished a pistol. The thieves took $1,200 to $1,500 in cash and checks.

I
Both defendants offered an alibi. Pace did not testify but produced three witnesses who claimed that he was in Chicago at the time of the offense. His aunt, Mary Ann Williams, testified that on October 1 Pace left for Chicago in her car to obtain some personal papers she had left there. He returned October 8. Mrs. Evelyn Barber, Pace's fiancee, said that she, Wanda Williams and another young woman had accompanied Pace to Chicago, leaving New Jersey October 1 and returning about October 8. Miss Williams, Pace's cousin, also corroborated the alibi. The other participant in the trip did not testify because, it was said, she remained in Chicago. Obviously, the jury did not believe the alibi.
To rebut the alibi the State called William Harris. He testified that he had a conversation with Pace on November 14, 1968, during which Pace claimed that he was in Camden on October 4 and in Newark after that, returning to Atlantic City on October 11. Neither Harris' occupation nor his reason for the conversation with Pace was brought out on direct. Harris was in fact Pace's parole officer, and Pace was on parole at the time of the Celona robbery.
Disregarding his attorney's advice, Pace had it brought out on cross-examination that Harris was a parole officer, that Pace was on parole on October 4, and that his departure from the State without permission would have been a violation of parole. It was also established that the interview by Harris took place while Pace was confined in the Atlantic County *58 Jail. Proper objection was made to Harris' testimony on the ground that its admission violated Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
Miranda bars from evidence statements taken by law enforcement officers as a result of custodial interrogations unless prior thereto the accused has been advised of a well-known litany of rights and has knowingly and voluntarily waived them. State v. Hampton, 61 N.J. 250, 265 (1972); Mathis v. United States, 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381 (1968).
We need not decide whether the interrogation by Harris, directed solely to Pace's parole and not part of an ongoing investigation of a subsequent crime, required the Miranda warnings. We hold that the exclusionary rule of Miranda does not reach the State's presentation of Harris' testimony in rebuttal.
That Miranda does not bar all use of voluntary in-custody statements taken by law enforcement officers in the absence of the required warnings and a waiver thereof was made clear in Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971). Here, as in Harris, no question has been raised concerning the voluntariness of the statements involved. Harris held that a defendant's non-Miranda statement, while not available during the State's case in chief, could be used to affect the defendant's credibility. The Harris rationale of permitting the impeachment use of evidence not available to the State on its main case is not a new one. Annotation, "Impeachment of accused as witness by use of involuntary or not properly qualified confession," 89 A.L.R.2d 478 (1963). Harris was anticipated by this court in State v. Kimbrough, 109 N.J. Super. 57, 65-68 (App. Div. 1970). See also, State v. Slobodian, 120 N.J. Super. 68 (App. Div. 1972), certif. den. 62 N.J. 77 (1972).
It is true that Harris arose in a context where the non-Miranda statement was used in cross-examination followed by an instruction that the statement could only be considered by the jury in assessing the defendant's credibility *59 and not as evidence of guilt. We do not read Harris, however, as elevating such a limiting instruction to the level of a constitutional command. During the course of its opinion the court said:
Assuming that the exclusionary rule has a deterrent effect on proscribed police conduct, sufficient deterrence flows when the evidence in question is made unavailable to the prosecution in its case in chief. [401 U.S. at 225, 91 S.Ct. at 645.]
and further:
The shield provided by Miranda cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances. [401 U.S. at 226, 91 S.Ct. at 646.]
We think it clear that if Miranda cannot be converted into a license to commit perjury, it cannot also exist as a license to suborn it. In light of Harris there is no just reason to frustrate truth in the criminal process by forcing the State to withhold from legitimate rebuttal a voluntary statement of the accused otherwise inadmissible solely because it was taken in violation of Miranda. The testimony of Harris was properly admitted in rebuttal as an admission of defendant Pace.[1]
*60 We are not implying that the door is now open to the acceptance in rebuttal of non-Miranda statements as substantive proof in virtually every case where defense evidence is offered. We stress that such statements can only be received as legitimate rebuttal. Thus, the essential prelude to admissibility is that the conflict between defense proofs and the non-Miranda statement must be in sharp focus.[2]
[The court here considered other points raised by defendant and found them without merit.]
NOTES
[1] The State offers an alternate hypothesis to sustain admission of Harris' evidence which we note but do not pass on. The thesis is that because of the special relationship between a parolee and his parole officer, interrogations by the latter are outside Miranda. The cases agree that a parole officer may testify in a parole revocation hearing concerning admissions secured from the parolee by an interrogation not preceded by Miranda warnings even where that interrogation took place in a custodial setting. People v. W., 24 N.Y.2d 732, 302 N.Y.S. 2d 260, 249 N.E.2d 882 (Ct. App. 1969); Clark v. State, 222 So.2d 766 (Fla. D. Ct. App. 1969); State v. Jackson, 16 Ariz. App. 476, 494 P.2d 376 (Ct. App. 1972). Courts have split upon the issue of whether the results of a parole officer's questioning, aimed solely at the parole function and not preceded by Miranda warnings, may be admitted in a prosecution for a new offense. Answering in the negative is State v. Lekas, 201 Kan. 579, 442 P.2d 11 (Sup. Ct. 1968), while Nettles v. State, 248 So.2d 259 (Fla. D. Ct. App. 1971) takes the opposite view. Compare, however, Mathis v. United States, supra, and see also State v. Barnes, 54 N.J. 1 (1969), cert. den. 396 U.S. 1029, 90 S.Ct. 580, 24 L.Ed.2d 525 (1970). It might also be noted that where the parole relationship was perverted by using it as a subterfuge for an investigation into a subsequent offense, the results of that endeavor were held inadmissible. People v. Way, 65 N.Y. Misc.2d 865, 319 N.Y.S.2d 16 (Cty. Ct. 1971).
[2] Cf. State v. Burt, 107 N.J. Super. 390 (App. Div. 1969), aff'd o.b. 59 N.J. 156 (1971), cert. den. 404 U.S. 1047, 92 S.Ct. 728, 30 L.Ed.2d 735 (1972), writ of habeas corpus granted sub. nom. United States ex rel. Burt v. Yeager, 342 F. Supp. 188 (D.N.J. (1972), rev'd sub. nom. United States ex rel. Burt v. State of New Jersey, 475 F.2d 234 (3 Cir.1973), cert. den. sub. nom. Burt v. New Jersey, 414 U.S. 938, 94 S.Ct. 243, 38 L.Ed.2d 165 (1973). Compare State v. Griffin, 120 N.J. Super. 13 (App. Div. 1972), certif. den. 62 N.J. 73 (1972).