STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. RAYMOND DAVIS AND ERNEST PACE, DEFENDANTS-APPELLANTS.

Argued November 19, 1974—Decided April 22, 1975.

*Mr. Edward Weisslitz,* First Assistant Deputy Public Defender, argued the cause for defendants-appellants (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Robert J. Genatt,* Deputy Attorney General, argued the cause for plaintiff-respondent (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney).

The opinion of the Court was delivered by

SULLIVAN, J. Defendants were tried by jury and convicted of armed robbery. Davis was sentenced to 7-10 years and Pace 12-15 years, both sentences to be served in State Prison.

An appeal, the judgments of conviction were affirmed by the Appellate Division in an opinion reported in part at 127 *N. J. Super.* 55 (1974). This Court granted certification. 65 *N. J.* 298 (1974).

The State produced evidence that on October 4, 1968, Joseph Celona of Pleasantville, N. J. was in the dining room of his home counting the day's receipts from his retail store. His sister and their elderly parents were sitting in the living room. When Celona opened the front door in response to a knock, defendants forced their way into

the house announcing a "stick up." Pace was armed with a shotgun and Davis with a pistol. Defendants took some $1200 to $1500 in cash and checks from Celona.

Neither Davis nor Pace testified at trial. Instead they offered alibi witnesses as to their respective whereabouts elsewhere at the time of the robbery. Pace's alibi, which is the only one material to this appeal, was that he was in Chicago on October 4, the date of the robbery.

To rebut Pace's alibi testimony the State called William Harris who testified that he had a conversation with Pace on November 14, 1968 and that Pace told him he was in Camden on October 4, Newark after that, and did not return to Atlantic City where Pace lived until October 11. The State did not attempt to show that Harris was Pace's parole officer and that Pace was then on parole from a previous conviction.

At the conclusion of Harris' direct examination, counsel for Pace made a motion for a mistrial on the ground that Harris' testimony was very prejudical to his client's case. Counsel claimed that in order to explain why Pace had not told Harris the truth about his whereabouts on October 4, it would be necessary to bring out the fact that Harris was a parole officer and that Pace was on parole from a previous conviction at the time. The motion was denied.

On cross-examination it was brought out by Pace's attorney that Harris was a parole officer and that on October 4 Pace was on parole from a previous conviction and that the conversation with Pace had been for the purpose of determining his whereabouts in October of 1968 since leaving the State without permission could be grounds for revocation of parole. It was also brought out that Pace was incarcerated in jail at the time Harris spoke with him. As heretofore noted, both defendants were convicted.

■ On their appeal to this Court defendants seek to argue that certain trial evidence presented by the State connecting them with the getaway car was barred by the doctrine of collateral estoppel. This contention was not

made at trial nor did defendants place in evidence material in support of any such contention. See *State v. Ebron,* 61 *N. J.* 207 (1972).[1] Defendants' supplemental letter-brief filed with the Appellate Division made this argument for the first time, but did so on an inadequate record resulting in that court attempting to decide the issue on a factually incorrect assumption.

Defendants' petition for certification does not mention collateral estoppel as an issue in the statement of questions presented. The sole reference in the petition to the evidence concerning the getaway car is defendants' erroneous statement that "[a]t the trial, both petitioners urged that the State was collaterally estopped from introducing the petitioner's [sic] connection with the blue-green Chevrolet."

Had defendants made a timely objection at trial, raised the issue of collateral estoppel with regard to the State's proofs connecting defendants with the getaway car and placed in evidence material in support of their contention, the trial court would have had the opportunity to rule on the question having before it a record on which it could make a determination. However, to wait until this late stage to raise the issue properly or to submit adequate material[2] in support of defendants' contention frustrates the administration of justice and cannot be sanctioned, absent a showing of fundamental error and manifest unfairness to defendants.

But that is not the situation here presented. The State presented positive eyewitness identification of defendants as the robbers. The evidence connecting them with the getaway car was not vital to the State's case. In the circum-

---

[1] About a month prior to the armed-robbery trial herein, defendants had been tried on a charge of unlawful possession of a stolen motor vehicle (the getaway car) and had been acquitted.

[2] On the appeal to this Court defendants were granted leave to expand the record and to submit a full transcript of the earlier trial on the charge of unlawful possession of a stolen motor vehicle.

stances, defendants will not now be heard on the matter of collateral estoppel. *State v. Ebron, supra.*

The remaining issue concerns the admission in evidence of the parole officer's testimony as to the statement Pace made to him about his whereabouts during the month of October 1968. Objection was made that the statement was inadmissible under *Miranda v. Arizona,* 384 *U. S.* 436, 86 S. Ct. 1602, 16 *L. Ed.* 2d 694 (1966), because Pace had not first been advised of his constitutional rights. However, the trial court ruled that *Miranda* had no application to a situation where a parolee was questioned by his parole officer.

The Appellate Division agreed that the statement was admissible, but rested its decision on a basis other than that given by the trial court. In effect, the Appellate Division held that even if the *Miranda* rule were applicable to Pace's statement to his parole officer, so that such statement would not have been admissible as part of the State's case in chief, nevertheless it could be presented in rebuttal under *Harris v. New York,* 401 *U. S.* 222, 91 S. Ct. 643, 28 *L. Ed.* 2d 1 (1971) as an admission of Pace to refute the testimony of his alibi witnesses.

█ It is clear that the *Miranda* rule is not applicable to the routine parole interview between a parole officer and a parolee. A parole officer acts as a guide and counselor to the parolee in his efforts to achieve and maintain rehabilitation. To work effectively the parole officer must know the parolee's whereabouts and activities both social and business. Routine conditions of parole state that the parolee is to report regularly to his parole officer and make a full disclosure of the foregoing. These routine reports and interviews are invariably non-custodial and, therefore, outside the ambit of *Miranda.* Moreover, implicit in the relationship is the requirement that the parolee cooperate fully and unreservedly in the parole experiment.

However, this is not the situation presented in this case. Pace was in jail charged with having committed an armed robbery when he was questioned by his parole officer. Obviously the officer knew of the charge against Pace since the questions asked related to Pace's whereabouts on and about the date of the robbery.

Admittedly, the questioning was pertinent as to whether or not Pace was adhering to the conditions of his parole so that the statement Pace gave at that time would be a part of his parole record and available in any future parole proceedings.

■ However, to attempt to use that in-custody statement outside the framework of the parole system and at Pace's subsequent criminal trial on the charge of armed robbery, implicated defendant's constitutional rights and would require a showing that Pace had first been advised of such rights under *Miranda* and had knowingly and voluntarily waived them.

The Appellate Division held that even if the *Miranda* rule applied to the use of Pace's statement at his subsequent trial for armed robbery, so that it would not have been admissible as part of the State's case in chief, nevertheless, it could be presented in rebuttal, under *Harris v. New York, supra,* as an admission of Pace to refute the testimony of his alibi witnesses.

*Harris* holds that while an in-custody statement taken from a defendant by a law enforcement officer without first complying with the *Miranda* rule may not be used by the state as part of its case in chief, if the defendant takes the stand as a witness and gives testimony which is at variance with what was said in the statement, the statement, if it otherwise satisfies standards of admissibility, may be used to impeach defendant's credibility as a witness.[3]

---

[3]The *Harris* rationale was recently reaffirmed by the United States Supreme Court in *Oregon v. Hass,* —— *U. S.* ——, 95 S. Ct. 1215, 43 *L. Ed.* 2d 570 (1975).

██ We conclude that the Appellate Division holding was erroneous in the following particulars. As heretofore noted, the statement was not admissible as substantive evidence as part of the State's case in chief. It only had evidential value if Pace took the witness stand and gave testimony at variance with what he said in the statement. It could then be used to impeach his credibility as a witness. But Pace never took the witness stand and his credibility as a witness never became an issue in the case. Here the Appellate Division held that the statement could be used as an admission by Pace to rebut the testimony of the alibi witnesses. This ruling permitting use of the statement in rebuttal as substantive evidence is contrary to *Miranda* and cannot stand. We hold that the non-*Miranda* statement was not admissible for any purpose since Pace did not testify as a witness. Even if he had taken the witness stand and testified that he was in Chicago on October 4, 1968, use of the statement would have been limited to impeaching his credibility as a witness. It could not be substantive proof of his whereabouts. We have held to the same effect in *State v. Miller,* 67 *N. J.* 229, decided by us this day.

Our decision requires that the conviction of Pace be reversed and a new trial ordered as to him. However, the error we find does not infect defendant Davis' conviction despite his assertion to the contrary. The judgment of conviction as to him is affirmed.

PASHMAN, J. (Concurring in result only). The majority reverses the conviction of Pace on the grounds that the statements made to his parole officer should have been excluded because the parole officer failed to give him the warnings required by *Miranda v. Arizona,* 384 *U. S.* 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). It also holds that the exception to this rule created by *Harris v. New York,* 401 *U. S.* 222, 91 S. Ct. 643, 28 L. Ed. 2d 1 (1971), allowing the use for purposes of impeachment of statements taken from a defendant in violation of *Miranda, cf. Oregon v. Hass,* —— *U. S.*

——, 95 S. Ct. 1215, 43 L. Ed. 2d 570 (1975), does not apply here because defendant did not testify in his own behalf. With these holdings I am in full agreement. The majority opinion, though, goes on to imply approval of the *Harris* exception. The desirability of adopting *Harris* as a matter of state law need not be considered in this case, and I would not do so. My views on this issue are fully set out in my dissent to *State v. Miller, 67 N. J.* 229 (1975), also decided today.

PASHMAN, J., concurring in result.

*For reversal in part and affirmance in part*—Chief Justice HUGHES, Justices JACOBS, MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD and Judge COLLESTER—7.

*Opposed*—None.