**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2589-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL HELLER,

    Defendant-Appellant.

_____

Argued June 7, 2017 — Decided  July 26, 2017

Before Judges Alvarez, Accurso, and Lisa.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Municipal Appeal No. 6080.

Michael Confusione argued the cause for appellant (Hegge & Confusione, LLC, attorneys; Mr. Confusione, of counsel and on the brief).

Tom Dominic Osadnik, Assistant Prosecutor, argued the cause for respondent (Camelia M. Valdes, Passaic County Prosecutor, attorney; Mr. Osadnik, of counsel and on the brief).

PER CURIAM

Defendant Michael Heller appeals his February 11, 2016 conviction for simple assault, N.J.S.A. 2C:12-1(a)(1), after a trial de novo in the Law Division. See R. 3:23. We affirm.

The original charges were downgraded and remanded to the municipal court. Section (a)(1) of the statute states that an assault occurs when a person "[a]ttempts to cause or purposely, knowingly or recklessly causes bodily injury to another." N.J.S.A. 2C:12-1(a)(1). Defendant was convicted after trial. In rendering his decision, the municipal court judge first reviewed the testimony of the State's witnesses and of defendant. He said:

> The charge is 2C:12-1(a)(1). As a simple assault, a person is guilty of assault if he attempts to cause or purposely, knowingly or recklessly causes bodily injury to another.
>
> I do find the State['s] witnesses to be credible.

After a discussion regarding how inappropriate he considered the confrontation between the parties, given that it occurred at a preschool graduation involving families and very young children, he continued:

> I'm going to find that the State has proved this case beyond a reasonable doubt, based on the credibility that I have just contacted, or that I've just, uh, put on the record. I'm going to find you guilty of at least placing the victim in fear for her safety, by the words spoken, the fact that

2

you even admit your height and weight, that you put her in at least imminent fear. There has not been anybody to say, other than the victim, uh, or witness, the fact that she was struck, and but I find that the State has proven what's necessary under that statute.

He sentenced defendant to two years' probation, subject to the completion of an anger management program, and payment of appropriate fines, penalties, and assessments.

At the first hearing on the trial de novo appeal, the Law Division judge expressed confusion as to the section of the statute under which defendant had been convicted. He observed that it was clear that the case was tried under (a)(1), and the municipal court judge found defendant guilty of an (a)(1) offense, but that towards the end of the decision he rendered from the bench he used language from section (a)(3). That section of the statute defines assault as "[a]ttempts by physical menace to put another in fear of imminent serious bodily injury." N.J.S.A. 2C:12-1(a)(3).

After hearing argument, the Law Division judge indicated he was reserving decision on the matter. It is not clear how the judge communicated the decision, orally from the bench, in writing, or merely by an order to the municipal court. In any event, he remanded the matter to the municipal court judge for clarification.

In response, the municipal court judge issued a letter, reiterating his trial findings, including that the State's witnesses were credible. No additional proceedings were conducted between the trial and the letter. No additional submissions were considered, nor were any additional arguments made. The municipal court judge stated unequivocally that the State had proven a violation of N.J.S.A. 2C:12-1(a)(1) beyond a reasonable doubt.

The appeal was finally heard on February 11, 2016. The Law Division judge after hearing argument opined that under Rule 3:23-8, it was proper to have remanded the case for the municipal court judge to clarify his decision. He then proceeded to review the testimony of the trial witnesses, finally concluding that defendant punched the victim, she "fell backwards, bounced off a door, and hit her head on the floor. She said she had bruises . . . , cracked a molar, . . . and . . . passed out." The judge found the victim's bodily injuries were corroborated by the emergency room records. He further found that defendant's testimony that the victim "dove into the wall is not believable." Having found defendant guilty under section (a)(1), he resentenced him to the same sanctions previously imposed in the municipal court proceeding.

During the course of the lengthy municipal court trial, the details of the confrontation were thoroughly developed. They need not be fully repeated here. In addition to the victim's testimony, the record included that of first responders who observed the victim lying on the ground unconscious when they arrived at the scene. The victim and defendant had argued at a preschool graduation concerning plumbing work defendant agreed to perform in lieu of paying his child's tuition.

The victim's emergency room records were admitted into evidence. Eyewitnesses, although they did not see defendant strike the victim, saw or heard them arguing immediately before the incident, and knew that the victim had landed on the floor.

Defendant denied punching the victim, specifically denying that he would punch someone using both hands in the chest as the victim had described. He said that if he had punched her in the manner he would strike someone in a bar fight, which he denied having done, he "would be probably [] convicted of murder." He also admitted yelling at one of the eyewitnesses who tried to intervene, "don't fucking touch me," and that he "grew a set real fast."

On appeal, defendant raises the following points for our consideration:

THE LAW DIVISION ERRED IN REMANDING THE MATTER TO THE MUNICIPAL COURT AND ALLOWING THE MUNICIPAL COURT JUDGE TO "CLARIFY" HIS VERDICT. DOING SO VIOLATED DEFENDANT'S RIGHTS AGAINST DOUBLE JEOPARDY UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, PARAGRAPH 11 OF THE NEW JERSEY CONSTITUTION.

POINT II
NO CONVICTION UNDER N.J.S.A. 2C:12-1[(a)](3) -- "ATTEMPTS BY PHYSICAL MENACE TO PUT ANOTHER IN FEAR OF IMMINENT SERIOUS BODILY INJURY" -- CAN BE SUSTAINED AGAINST DEFENDANT BECAUSE THE LAW DIVISION COURT DID NOT FIND BEYOND A REASONABLE DOUBT THAT DEFENDANT COMMITTED THIS CRIME, AND DEFENDANT WAS NEVER CHARGED WITH A VIOLATION OF THIS CRIME IN THE MUNICIPAL COURT IN ACCORDANCE WITH HIS DUE PROCESS RIGHTS.

POINT III
THE ADMISSION OF HEARSAY EVIDENCE AT THE MUNICIPAL COURT TRIAL VIOLATED THE RULES OF EVIDENCE AND DEFENDANT'S CONSTITUTIONAL RIGHT TO CONFRONT THE WITNESSES AGAINST HIM, AND THE LAW DIVISION JUDGE'S SUBSEQUENT RELIANCE ON THIS HEARSAY TESTIMONY DEMONSTRATES THAT THE DECISION IS NOT BASED ON SUBSTANTIAL, CREDIBLE EVIDENCE IN THE RECORD.

I.

In reviewing a trial court's decision on a municipal appeal, an appellate court must consider only "the action of the Law Division and not that of the municipal court." State v. Palma, 219 N.J. 584, 591-92 (2014) (quoting State v. Joas, 34 N.J. 179, 184 (1961)). In the process we do not "weigh the

evidence, assess the credibility of witnesses, or make conclusions about the evidence," but rather must determine whether the trial court's findings "could reasonably have been reached on sufficient credible evidence present in the record." State v. Locurto, 157 N.J. 463, 472 (1999) (citing State v. Barone, 147 N.J. 599, 615 (1997)). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

## II.

The United States Constitution provides that no person "shall [] be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V; State v. Allah, 170 N.J. 269, 279 (2002). The New Jersey Constitution states "[n]o person shall, after acquittal, be tried for the same offense." N.J. Const. art. I, ¶ 11. "Individuals are constitutionally protected against being tried twice for the same offense." Allah, supra, 170 N.J. at 279 (citing State v. Loyal, 164 N.J. 418, 435 (2000)). "[T]he defense of double jeopardy is available to a defendant, even though the first trial was in a municipal court, as is here the case." State v. Ebron, 61 N.J. 207, 215 (1972) (citation omitted). Recently,

our Supreme Court adopted the double jeopardy same-elements test announced in Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306, 309 (1932). State v. Miles, ___ N.J. ___ (2017). "The same-elements test analyzes the elements of the competing statutes to determine if each contains an element the other does not. If each statute contains at least one unique element, the subsequent prosecution may proceed." Miles, supra, ___ N.J. at ___.

Here, the basis for defendant's appeal is that the municipal court judge acquitted him of (a)(1), and found him guilty under section (3) of the assault statute, under which he was not charged. Since he had been acquitted, remanding the matter implicated double jeopardy principles.

We disagree. The municipal court judge's oral decision can only be understood to mean that he found defendant guilty of assault under section (a)(1), although he referred to the language of (3) towards the end, the reference was a mere slip of the tongue. He began his decision with the words "The charge is 2C:12-1(a)(1)."

Defendant knew from the outset the section under the statute under which he was being tried, section (a)(1). Throughout the trial, everyone proceeded on the assumption defendant was being tried under section (a)(1). And, most

importantly, when the judge began making his findings, he referred to that section of the statute. The municipal court judge's commentary regarding his concern that a physical confrontation occurred during a preschool graduation no doubt distracted him from the task at hand. Defendant's contention that the judge's mistaken reference to the language of (a)(3) after the judge convicted him of (a)(1) was equivalent to an acquittal lacks merit.

Moreover, to have asked for clarification did not place defendant in any additional jeopardy. No new evidence was received, or argument made. The judge's written decision refers to precisely the same testimony he discussed in rendering his decision from the bench in the first instance.

### III.

We find defendant's point II, related to the proofs supporting an (a)(3) conviction, is moot in light of our decision. See Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257-88 (App. Div. 2006) (citation omitted) ("An issue is 'moot' when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy."). And as the New Jersey Supreme Court has recently stated, in considering a municipal court appeal, we now weigh only "the action of the Law Division and not that of the

municipal court." See Palma, supra, 219 N.J. at 591-92 (citing Joas, supra, 34 N.J. at 184). Because the Law Division judge's decision was reasonably reached on sufficient credible evidence in the record, it is entitled to be affirmed.

IV.

Finally, defendant objects that hearsay evidence was improperly admitted and relied upon by the municipal court judge. This issue is also moot, as pursuant to Palma, we look at the Law Division's assessment of the evidence.

The Law Division judge rendered his decision solely upon the victim's testimony, the medical records from the hospital that were properly admitted under the hearsay rules of evidence, and eyewitnesses' observation of defendant's hands in the air and the victim falling to the floor.

The Law Division judge noted that the hospital records included a statement by the victim that she was struck by a parent at the graduation ceremony and such "statements as to the cause of the injury are not automatically within the hearsay exception[.]" Dinter v. Sears, Roebuck & Co., 252 N.J. Super. 84, 92 (App. Div. 1991). However, "reversal is required only when an unjust result occurred." Ibid.

The victim's statement regarding who struck her was not made in a vacuum. She testified defendant struck her, testimony

corroborated by persons standing nearby. The Law Division judge did not rely on improper hearsay testimony in rendering his decision. There were ample proofs that defendant was guilty beyond a reasonable doubt of subsection (a)(1).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2589-15T2