THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RONALD W. (ANONYMOUS), Appellant.

Second Department, December 16, 1968.

*James J. McDonough* (*Matthew Muraskin* of counsel), for appellant.

*William Cahn, District Attorney* (*Henry P. DeVine* of counsel), for respondent.

MUNDER, J. On January 26, 1966 the defendant was indicted by a Nassau County Grand Jury for burglary in the third degree, grand larceny in the first degree, and possession of burglar's instruments as a misdemeanor. On September 1, 1966, on his plea of guilty, he was adjudged a youthful offender and was sentenced to Elmira Reception Center for a term not to exceed three years, with execution of the sentence suspended and the defendant placed on probation. Subsequently an information was filed charging him with violation of probation. Following a hearing he was found to have violated his probation; and an amended judgment revoking probation and imposing the original sentence was rendered accordingly on August 25, 1967. It is from that judgment that the defendant now appeals.

The judgment appealed from was predicated on the testimony of William Marker, a probation officer and the sole witness at the hearing. He testified that on July 19, 1967 he saw the defendant at the Probation Department office in the company of another probationer, one Lawrence Miller, who had come to the office voluntarily to seek help for narcotics addiction. This was not on a day scheduled for one of the defendant's regular visits. When Marker noticed needle marks on the defendant's arm he led the defendant into the Deputy Director's office for questioning. The defendant was questioned by the Deputy Director in the presence of Marker, another probation officer, James Downey, and Lawrence Miller. When questioned, the defendant hesitated at first, but then stated that two days before he had injected himself with heroin which he had gotten " somewhere in New York City with Lawrence Miller ". The defendant was never advised of any right he may have had to counsel; nor did he ask for the aid of an attorney. Part of the probation violation charge was based on the defendant's association with Miller, who was also a probationer and a known drug user.

The issues raised on this appeal are: (1) whether or not the defendant's constitutional rights were violated when he was not given the fourfold warning dictated by the ruling in *Miranda* v. *Arizona* (384 U. S. 436); and (2) whether or not the People failed to establish the fact that the defendant had associated with persons of disreputable or harmful character.

With regard to the defendant's claimed deprivation of his right to counsel, we consider the pivotal question here to be whether or not the defendant, at the time he was taken into the Deputy Director's office, was subjected to " custodial interrogation ". The Court of Appeals has stated that " an examination of the circumstances and the atmosphere in which the interrogation takes place is essential to a determination of whether a person, who has not actually been physically detained or formally placed under arrest, has been deprived of his freedom in any significant way so as to require the police to give the necessary warnings " (*People* v. *Rodney P.* [*Anonymous*], 21 N Y 2d 1, 5-6). The Court of Appeals went on to adopt the language of the Supreme Court of the United States in *Miranda* (*supra*): " ' By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way ' " (21 N Y 2d 1, 9). Applying the rule to the facts in our case, we conclude that this is a situation in which the *Miranda* warnings were not

required to have been given. *Miranda*, we believe, has to do with preconviction interrogation. The context of the instant case is that of à defendant on probation and his supervising probation officer. Though the latter is a "peace officer", he is not a "law enforcement officer" within the spirit or meaning of *Miranda*. Technically the probationer is in constructive custody constantly throughout the period of his probation. The relationship between him and his supervising officer, however, is a special one, with rehabilitation of the probationer being the prime end in view. To hold that the probationer is entitled to the aid of counsel every time he is to be interviewed or questioned by his supervising officer would materially hamper if not destroy the entire purpose of probation. The fact that the defendant here was questioned at a time other than on a regularly scheduled visit is immaterial, since his status of being in constructive custody is a continuing one.

With respect to the second issue raised, the fact that the defendant had obtained the heroin he used to inject himself while in the company of Lawrence Miller and the fact that he had accompanied Miller to the Probation Department office were sufficient to show that he was knowingly associating with a person of "disreputable or harmful character".

For the reasons herein expressed the amended judgment should be affirmed.

BELDOCK, P. J., CHRIST, HOPKINS and MARTUSCELLO, JJ., concur.

Amended judgment of the County Court, Nassau County, rendered August 25, 1967, affirmed.