Jasen, J.
 

 On January 26,1966 appellant was indicted for third-degree burglary and first-degree grand larceny in connection with a safe burglary. Following his plea of guilty, he was adjudged a youthful offender and was placed on probation. The conditions of his probation required him to report to and remain in contact with his probation officer, to answer all reasonable inquiries of his probation officer, to abstain from the use of intoxicants and narcotics, to avoid persons of disreputable or harmful character, and to complete his education.
 

 On July 19, 1967 (not his usual reporting day), appellant appeared at the Nassau County Probation Department office in the company of another man. He told his probation officer that his companion, Lawrence Miller, desired help with a narcotics problem. While appellant was standing in the hallway, his probation officer noticed needle marks on appellant’s arm and requested him to step into an office. There, appellant was
 
 *734
 
 questioned by his probation officer about the needle marks in the presence of two other probation officers and his companion, Lawrence Miller. Appellant initially hesitated to answer any questions, but eventually admitted that he and Miller had purchased and taken heroin on July 17.
 

 Subsequently, an information was filed charging appellant with violating his probation. Following a hearing at which he was represented by counsel, appellant was found to have violated the terms of his probation. His probation was revoked and he was committed to the Elmira Reception Center.
 

 The principal question presented on this appeal is whether a probationer must receive the four-fold warnings announced in
 
 Miranda
 
 v.
 
 Arizona
 
 (384 U. S. 436) , prior to being questioned by a probation officer.
 

 It is conceded that the appellant was never given the
 
 Miranda
 
 warnings when questioned about the needle marks. Additionally, it may be assumed that .appellant would have been restrained had he attempted to leave the room where he was being questioned.
 

 Section 937 of the Code of Criminal Procedure authorizes a probation officer to
 
 “
 
 require such reports by probationers as are reasonable or necessary.” Additionally, an express requirement of appellant’s probation was that he answer all reasonable inquiries of his probation officer.
 

 When the probation officer observed the needle marks on appellant’s arm, he surmised that not only Miller needed help but the appellant as well. Accordingly, he proceeded to discharge his statutory duty ‘1 to aid and encourage [appellant] by friendly advice and admonitions; and by such other measures as may .seem most .suitable to bring about improvement in his conduct, condition and general attitude toward society.” (Code Crim. Pro., § 936.)
 

 Viewed in this perspective, it is apparent 'that the probation officers were not required to give appellant .the
 
 Miranda
 
 warnings before they inquired about the needle marks on his arm. The questioning of the appellant was hardly the '.sort of incommunicado, police-dominated atmosphere of custodial interrogation and overbearing of the subject’s will at which the
 
 Miranda
 
 rule was aimed. The clearly .stated objectives of education and rehabilitation which are always paramount in the relationship
 
 *735
 
 between the probation officer and the probationer (Code Crim. Pro., § 936;
 
 Williams
 
 v.
 
 New York,
 
 337 U. S. 241;
 
 People
 
 v.
 
 Peace,
 
 18 N Y 2d 230) are totally f oreign to the elements the Supreme Court addressed itself to in
 
 Miranda.
 

 Here, the appellant had not been arrested and charged with a crime, but rather had freely come to the department seeking help for a friend. When questioned about the marks on his arm, he was not alone and incommunicado, but rather was in the company of his own probation officer and Lawrence Miller (the friend whom he had brought to the department for help). He was questioned not by policemen charged with the duty of apprehending and convicting criminals, but rather by probation officers whose aim is to help probationers rehabilitate themselves.
 

 It is true that a probation officer is a
 
 “
 
 peace officer ” (Code Grim. Pro., § 937), but, certainly, he is not a “ law enforcement
 
 ”
 
 officer within the spirit or meaning of
 
 Miranda
 
 v.
 
 Arizona (supra).
 

 We have also considered the other points raised by the appellant and find them to be without merit.
 

 Accordingly, the judgment should be affirmed.
 

 Chief Judge Fulo and Judges Burke, Scileppi, Bergan and Bkeitel concur.
 

 Judgment affirmed.