248 So.2d 259 (1971)
Ennis NETTLES, Appellant,
v.
STATE of Florida, Appellee.
No. 70-355.
District Court of Appeal of Florida, Second District.
March 24, 1971.
Rehearing Denied June 10, 1971.
Robert E. Jagger, Public Defender, and Frank H. White, Asst. Public Defender, Clearwater, for appellant.
Robert L. Shevin, Atty. Gen., and John A. Zebedee, Asst. Atty. Gen., Tallahassee, for appellee.
LILES, Acting Chief Judge.
Appellant was tried by jury and found guilty of the offense of robbery and was sentenced to a term of twenty years in prison. He appeals his conviction and alleges that the trial court erred in denying his timely motion to suppress evidence and in admitting into evidence a confession made to a probation officer who had failed to give defendant prior Miranda warnings.
Defendant was arrested for the robbery on January 30, 1970, and a warrant for his arrest was issued February 2, 1970. During the investigation of this offense the police officer "lifted" certain prints from the home that was broken into. These prints were compared with other prints on file at the time the defendant was arrested and they conformed with the latent prints found at the scene of the robbery. The comparison of the latent print and known prints already on file supplies sufficient probable cause to arrest without a warrant and the evidence adduced as result of this arrest was properly admitted.
The defendant's confession to his probation officer was made on February 5, 1970, while in jail. A waiver of Miranda rights was given to a detective six days prior to the date the defendant confessed to his probation officer. We do not believe that this warning was sufficient to prohibit violation of defendant's constitutional rights under the Miranda warnings. *260 The question we must answer is not whether the confession was admissible because of the prior Miranda warning but whether the confession to his probation officer was admissible in the absence of Miranda warnings.
This question is one of first impression in the State of Florida.
We are aware of the decision in State v. Lekas, 201 Kan. 579, 442 P.2d 11, 1968, where the court excluded the testimony of a probation officer as being inadmissible. However, we are also aware of the decisions in the State of New York; and we choose to follow New York where the court in the Appellate Division said in People v. Ronald W., 1968, 31 A.D.2d 163, 295 N.Y.S.2d 767, 769:
"The context of the instant case is that of a defendant on probation and his supervising probation officer. Though the latter is a `peace officer', he is not a `law enforcement officer' within the spirit or meaning of Miranda. Technically the probationer is in constructive custody constantly throughout the period of his probation. The relationship between him and his supervising officer, however, is a special one, with rehabilitation of the probationer being the prime end in view. To hold that the probationer is entitled to the aid of counsel every time he is to be interviewed or questioned by his supervising officer would materially hamper if not destroy the entire purpose of probation. The fact that the defendant here was questioned at a time other than on a regularly scheduled visit is immaterial, since his status of being in constructive custody is a continuing one."
This case was affirmed on appeal to the Court of Appeal of New York and it was there said that "The clearly stated objectives of education and rehabilitation which are always paramount in the relationship between the probation officer and the probationer (citations omitted) are totally foreign to the elements the Supreme Court addressed itself to in Miranda." People v. Ronald W., 1969, 24 N.Y.2d 732, 302 N.Y.S.2d 260, 262, 249 N.E.2d 882, 883.
We believe this better states the situation in the instant case. The defendant was in constructive custody and he had agreed to abide by certain rules and restrictions as condition for his probation. He waived his right to his constitutional Miranda warnings when he accepted probation and this waiver continues in effect even on a new and fresh crime as regards his probation officer. We do not hold that he had waived his Miranda rights in all circumstances but as to his probation officer the waiver was in continuing effect during the term of his probation and he was not entitled to Miranda warnings. See also, People v. Parks 1969, 110 Ill. App.2d 455, 249 N.E.2d 720; Gilmore v. People, Colo., 1970, 467 P.2d 828; United States ex rel. Bishop v. Brierly, E.D.Pa. 1968, 288 F. Supp. 401.
We agree with the New York court that if upon every visit or contact with the probation officer the probationer is entitled to a warning then the relationship between the probation officer and the probationer would be a strained one indeed and the purpose of probation would be materially affected.
For the foregoing reasons the judgment is affirmed.
HOBSON, J., concurs.
MANN, J., dissents with opinion.
MANN, Judge (dissenting).
The majority have overlooked the fact that not one of the cited cases supports the opinion. People v. Ronald W., People v. Parks and United States ex rel. Bishop v. Brierly, supra, are cases in which the question was whether an admission to a probation supervisor might be introduced in a proceeding for revocation of probation *261 without proof of compliance with Miranda I agree that it can be, for reasons explained in my opinion for this court in Clark v. State, Fla.App. 1969, 222 So.2d 766, decided less than a month before the New York Court of Appeals decided the case of Ronald W. My brother Liles concurred in that opinion.
But whether that same admission can be admitted at the defendant's trial for the subsequent offense  the question now before us  is a different matter. Such a proceeding is independent of the probation revocation proceeding unless, as the majority imply, acceptance of probation carries with it an implied waiver of constitutional rights while probation continues. It is doubtful that even an express waiver of constitutional rights in future cases could be upheld, but we need not contemplate that. I think it clear that there is no waiver of the Fifth Amendment by implication. See Spevack v. Klein, 1967, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574; Garrity v. New Jersey, 1967, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562.
I think that the proper rule is that in a proceeding for revocation of probation or parole it need not be shown that Miranda was followed, but that in a prosecution for a separate offense it must be shown either that the interrogation was not in a custodial setting or that the accused knew the rights he was waiving.
Gilmore v. People, supra, the only other case cited by Judge Liles in support of his position, involves admissions to a probation officer at a time when the officer who had just finished giving the Miranda warnings was initially present and had left the room at the defendant's request. Thus there is in Gilmore a finding of compliance. State v. Lekas, supra, is, like this case, one of admissibility at a subsequent trial, and supports my view.
The real question here is whether the interrogation was custodial in the light of Miranda. I should have thought that question answered by Mathis v. United States, 1968, 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381. There the admissions improperly received were obtained by an Internal Revenue agent while the defendant was in jail on an unrelated charge. If that is the type of custodial situation Miranda refers to, I cannot see why this interview, conducted in jail while Nettles was held in custody on this charge, is not, a fortiori, subject to the same requisite preliminary showing.
I should emphasize that I do not view Miranda as requiring some mystical chant as a preclude to admissiblity. The question is whether the record discloses knowledge of his rights at the time of waiver in these custodial interrogation situations. I have elaborated this view in a dissenting opinion in State v. Craig, Fla. 1970, 237 So.2d 737. The difficult question of defining what is a custodial interrogation is discussed at length at 31 A.L.R.3d 565-696. No case like this one appears in that annotation.
I would reverse for further proceedings, at which time the State should have an opportunity to prove that Nettles understood his rights at the time of the conversation with the probation officer.
The question being novel in Florida, there is no arguable basis for conflict certiorari under Fla. Const. Art. V, § 4, F.S.A. Hence this mistake is correctible only by the Supreme Court of the United States, which is, like this court, too busy already. In my humble opinion, we ought to do our job so that this case can be promptly retried with due respect for precedent which binds us whether we agree with it or not.