■ In the Matter of FREDDIE UTSEY, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of respondent New York State Board of Parole, which approved a recommendation of a hearing officer, made after a final parole revocation hearing, that petitioner's parole be revoked, petitioner appeals from a judgment of the Supreme Court, Westchester County (Wood, J.), dated

September 25, 1981, which dismissed the petition. Judgment affirmed, without costs or disbursements. On June 24, 1980, petitioner, Freddie Utsey, was released on parole with a maximum expiration date of December 2, 1982, and on February 20, 1981, he was arrested in The Bronx and charged with assaulting and unlawfully imprisoning one Yvonne Chisolm. Petitioner was thereafter arraigned in the Criminal Court, Bronx County, and an attorney from the Legal Aid Society was assigned to represent him. Following his arrest, the Bronx County District Attorney's office informed the petitioner's parole officer, Joseph Wood, that the petitioner "had beat Miss Chisolm pretty badly" and that he had been arrested and charged with assault and unlawful imprisonment. The petitioner was released on bail on February 28, 1981 and, on March 2, 1981, a parole violation warrant was issued against him. As a result of his arrest, the petitioner was summoned to appear at the parole office on March 25, 1981. After discussing the matter with his parole officer, petitioner signed a written, inculpatory statement admitting the underlying charges. Petitioner was thereafter charged with having violated his parole (1) by his commission of the underlying assault, (2) by his failure to report the ensuing arrest to his parole officer, and (3) by his failure to keep a scheduled court appearance on March 12, 1981, thereby necessitating the issuance of a bench warrant. After waiving his right to a preliminary hearing, the petitioner was afforded a final revocation hearing on May 5, 1981, at which time the statement that he had given to his parole officer on March 25, 1981 was admitted into evidence. On the basis of this and other evidence, the first two charges which had been lodged against him were sustained by the hearing officer, and on May 29, 1981, the petitioner's parole was revoked effective February 20, 1981. Although not directly relevant to this appeal, the Criminal Court charges were apparently dismissed on July 9, 1981. On this appeal, petitioner contends that his uncounselled admissions to his parole officer on March 25, 1981 were obtained in violation of his statutory and constitutional rights, and that they were therefore inadmissible against him at his final parole revocation hearing. We disagree. At the time of petitioner's arrest on February 20, 1981, he was, as a parolee, committed to the constructive custody of the Division of Parole (see Executive Law, § 259-i, subd 2, par [b]; *People v Parker,* 82 AD2d 661, 665), which was therefore charged with the continuing duty of supervising his conduct in matters which included, *inter alia,* the prompt investigation of any alleged violations of the conditions of his parole (Executive Law, § 259-a, subd 2; 9 NYCRR 8000.1 [a]). Those duties were not suspended by the petitioner's arrest in The Bronx for assault and unlawful imprisonment, nor were they suspended by the assignment of counsel in the Criminal Court on February 20, 1981 or the issuance of a parole violation warrant on March 2, 1981. In fact, at no time prior to March 25, 1981 had the petitioner even advised his supervising parole officer of his arrest. Under these circumstances, the interview conducted by Parole Officer Wood on March 25, 1981 fell within the category of providing the petitioner with the parole supervision mandated by statute (Executive Law, § 259-a, subd 2; see *People ex rel. King v New York State Bd. of Parole,* 65 AD2d 465, 467-468), and did not constitute a continuation of the criminal investigation commenced on February 20, 1981 (i.e., the date of his arrest). Accordingly, *People v Hobson* (39 NY2d 479) and *People v Rogers* (48 NY2d 167) are not directly applicable to the facts at bar. Moreover, the statement taken from the petitioner was solely used *within* the parole system, i.e., it was not used in connection with the criminal charges then pending against the petitioner in the Criminal Court (cf. *People v Parker, supra*). Lastly, but not least significantly, we still agree with the general import of the observation of the First Department in *People ex rel.*

*King v New York State Bd. of Parole* (*supra,* p 468) that "a parole revocation hearing is not a stage of a criminal prosecution * * * and [that] the standards applied to the former do not [completely] carry over * * * [into] the latter * * * The revocation process involves a deprivation of a conditional liberty and, as such, the procedural protections afforded must be flexible in consonance with the demands of the particular situation". Unlike *People ex rel. Piccarillo v New York State Bd. of Parole* (48 NY2d 76), the instant case does not involve the admission into evidence at a parole revocation hearing of previously suppressed evidence or evidence which was unlawfully seized. We therefore conclude that the petitioner's statutory and constitutional rights were not violated by the March 25, 1981 interview with his parole officer (see *United States v Rea,* 678 F2d 382 [while a pretrial detainee has a right to remain silent and to have an attorney present during questioning by the police, a probationer does not have an equivalent right when called upon to respond to the supervision efforts of his probation officer]). In fact, any other determination would tend to render the present system of parole supervision unworkable. Petitioner further argues that the respondent "failed to establish by a fair preponderance of [the] evidence that [he] failed to notify his parole officer of his arrest; [and] assuming *arguendo* that such [a] failure was established, [that] it did not constitute a violation of [his] parole in an[y] important respect." We find no merit to either of these contentions. Accordingly, the judgment should be affirmed. Lazer, J. P., Gulotta, Bracken and Boyers, JJ., concur.