OPINION OF THE COURT
Gerard E. Delaney, J.
On September 1, 1982, petitioner’s parole was revoked following a final hearing on August 23, 1982. (Petitioner waived a preliminary hearing on June 24, 1982.) He attacks the continued detention as illegal on several grounds.
Initially, he claims that the detention is illegal because he was given “disproportionate punishment” compared to a cross complainant, another prisoner, one Eugene Malverty. The two charges alleged for violation of parole were (1) that petitioner, while on parole, had assaulted Malverty with a knife on June 10, 1982. (By decision of the Hearing Violation Board, dated Aug. 8, 1982, this charge was not sustained and was dismissed), and (2) that on June 10, 1982, the petitioner possessed a knife without the permission of his parole officer. This second charge was sustained *688 and formed the basis for the revocation. Petitioner had claimed justification for the assault inasmuch as Malverty is alleged to have had a knife also and to have cut petitioner first. Criminal charges against both parties were dismissed.
Petitioner claims that Eugene Malverty’s parole was not revoked for such incident as Malverty’s sentence had expired before it could be revoked.
“While it is true that intentional or purposeful discrimination of an otherwise nondiscriminatory law violates equal protection * * * it must be borne in mind that one who alleges discriminatory enforcement must meet the ‘heavy burden’ of showing ‘conscious, intentional discrimination’ * * * or a consciously practice pattern of discrimination. * * * The conscious exercise of some selectivity in enforcement of the law is not in itself a constitutional violation.” (People v Goodman, 31 NY2d 262, 268.)
It is clear from the hearing transcript that the issue of parolee Malverty’s violation status was raised and that as petitioner alleges, Malverty’s original sentence expired before he could be revoked. As noted above, actual criminal charges against both petitioner and Malverty were dismissed prior to the revocation hearing. Under the circumstances, this court does not find any violation of constitutional dimension on this issue raised.
Petitioner • alleges next that his final parole hearing should have been held in the county where the offense occurred (i.e., New York) instead of at the Queensboro Correctional Facility in Queens, New York. Section 259-i (subd 3, par [e], cl [i]) of the Executive Law states that the revocation hearing shall be held “reasonably near” the place of the alleged violation or arrest. Petitioner waived his initial preliminary parole hearing and assumably never requested a “local” hearing, i.e., by his terminology, New York County. The hearing, having taken place in Queens was, under law, “reasonably near” New York County. Such issue is dismissed. (Cf. People ex rel. Calloway v Skinner, 33 NY2d 23.)
Petitioner alleges that admissions he made to parole officers on June 10 and 24,1982, following his arrest on the underlying assault and weapons charges were illegally *689 obtained. Under law, the Division of Parole is charged with making a prompt investigation of alleged violations of parole conditions. (Executive Law, § 259-a, subd 5; 9 NYCRR 8000.1 [a].) These duties were not suspended by petitioner’s arrest or his assignment of counsel. (Cf. Matter of Utsey v New York State Bd. of Parole, 89 AD2d 965, 966.) As the statements were used solely within the parole process (the underlying criminal charges having been dismissed) their use within same was permissible. (Matter of Utsey v New York State Bd. of Parole, supra; see, also, People v Parker, 82 AD2d 661, 666; cf. People v Ronald W., 24 NY2d 732.) However, any and all statements made by petitioner during his final parole revocation hearing of August 23, 1982, are ordered suppressed from consideration in any revocation hearing on this same matter. (See infra.)
The secondary argument to the extent that the admissions are tainted by an alleged illegal search at the scene of the underlying crime is without merit. No facts are provided by petitioner so as to inquire into the search and seizure proper and to determine how and when the weapon was recovered.
Petitioner also alleges that his waiver of counsel at his final parole revocation hearing was involuntary as a matter of law. (Cf. Executive Law, § 259-i, subd 3, par [f], cl [v].) The following is a transcript of the initial moments of the hearing:
“hearing officer: On the case of Arnold Cleveland.
“Mr. Cleveland, my name is Mullen, I am the hearing officer, we are here today for a final hearing. I ask you are you ready for a final hearing today.
“mr. Cleveland: Well, I couldn’t get a lawyer, and I wrote the court, but I am going ahead with it.
“hearing officer: Okay. You say you want to be represented by a lawyer?
“mr. Cleveland: But I couldn’t get one, the courts, the Legal Aid, I am going here with it.
“hearing officer: You contacted Legal Aid, the Parole Revocation Unit?
*690 “mr. Cleveland: Yes.
“hearing officer: When?
“mr. Cleveland: 15 Park Row.
“hearing officer: When?
“mr. Cleveland: About last month.
“hearing officer: Last month?
“mr. Cleveland: Yes.
“hearing officer: What response did you get from them?
“mr. Cleveland: They told be to write Judge X. Amith. I wrote him, I didn’t get no answer back yet from him.
“hearing officer: When did you write to the court?
“mr. Cleveland: About three weeks ago.
“hearing officer: And you got no response?
“mr. Cleveland: No response.
“hearing officer: The situation is this, Mr. Cleveland. You have a right to be represented at this proceeding by a lawyer, it is a right that you have, a statutory right. The right to a lawyer is an important right. If you do not have a lawyer at this point I can grant you an adjournment to another date since you have made efforts to obtain a lawyer. The court will eventually appoint a lawyer for you, you just have to be patient. They may in fact appoint Legal Aid to do it for you. They have a limited staff, they can only handle certain cases. However, the Supreme Court in Queens, they can appoint court-appointed attorneys to come in here to represent you. Since you want to be represented by a lawyer, you made an effort to obtain a lawyer, I have no hesitancy in granting you adjournment if you want one. If you wish to waive your right to counsel you are waiving an important right, but you can do so and proceed.
“mr. Cleveland: I want to proceed.
“hearing officer: You want to proceed?
“MR. CLEVELAND: YES.”
*691 The right of petitioner to be represented by counsel at a final parole revocation hearing is guaranteed by statute (Executive Law, § 259-i, subd 3, par [f], cl [v]) and by case law (People ex rel. Menechino v Warden, Green Haven State Prison, 27 NY2d 376, 385), as a right of State constitutional dimension whenever individual liberty is at stake, no matter whether such hearing is classified as civil or criminal. In New York State., while such a proceeding is classified as an administrative proceeding (cf. Piccarillo v New York State Bd. of Parole, 48 NY2d 76, 80), since it may involve a deprivation of liberty, constitutional rights remain in force. (Piccarillo v New York State Bd. of Parole, supra, p 82.)
It should also be noted that “[a] parolee’s waiver of due process rights must be made knowingly and intelligently [and voluntarily]” with the “totality of the circumstances surrounding the * * * waiver * * * to be considered * * * [in] determining] its validity.” (Matter of Schwartz ex rel. Clark v Warden, N. Y. State Correctional Facility at Ossining, 82 AD2d 870; cf. People v Parker, 57 NY2d 136, 140; People v Epps, 37 NY2d 343, 350.)
The issue, of course, then becomes, as petitioner has suggested, whether a violated parolee who has requested the assistance of counsel at his final parole hearing and has not been provided counsel contrary to the mandate of section 259-i (subd 3, par [f], cl [v]) of the Executive Law can be said as a matter of law to have knowingly, intelligently and voluntarily waived such counsel’s presence when he actually waives the appearance of such counsel on the day of the hearing?
In People v Cunningham (49 NY2d 203, 210), the Court of Appeals stated that “the right to counsel in this State includes the right of an accused to have the advice of counsel before making the decision to waive either his privilege against self incrimination or his right to the assistance of any attorney, so that once a defendant in custody invokes his right to counsel, all of the guarantees implicit in that right are brought into play, and a subsequent waiver of rights outside the presence of counsel cannot be given legal effect.”
*692 It is noted initially that by the time the formal revocation hearing was held, the underlying criminal charges of assault and criminal possession of a weapon had been dismissed. Defendant, however, having been the subject of the preliminary parole violation finding, was still in legal custody of the State authorities. (Executive Law, § 259-i, subd 3, par [a], cl [i]; subd 2, par [b].) “A request for the aid of counsel by an individual in custody imports clearly that the individual considers himself * * * incompetent to face the power of the State without an attorney’s advice * * * Once an individual expresses the need for counsel, he * * * stands in the same position as one who has obtained the aid of an attorney and the State may not thereafter seek a waiver in the absence of counsel” (People v Skinner, 52 NY2d 24, 29). Indeed, the authorities are under a duty to “ ‘scrupulously honor’ the [defendant’s] request for counsel before * * * [continuing an] * * * interrogation” and, in this court’s opinion, before proceeding with the parole revocation hearing. (Cf. People v Grant, 45 NY2d 366, 377; People v Aponte, 69 AD2d 204, 216-217; see, also, People v Parker, 82 AD2d 661, 667.)
While the nonwaiver rule expressed by our courts has been founded upon State constitutional guarantees of the right to assistance of counsel, due process of law and the privilege against self incrimination, the right to counsel at the final parole revocation hearing is based upon the due process clause of our State Constitution and section 259-i (subd 3, par [f], cl [v]) of the Executive Law. (See, generally, People ex rel. Menechino v Warden, supra; People ex rel. Fowler v Smith, 110 Misc 2d 767, 770.)
It seems elemental to this court that where a parolee has requested the assistance of counsel for his final parole revocation hearing from both the appropriate legal society and from the judiciary prior to such hearing and no effort has been shown on the record to have been made to supply petitioner with any legal counsel prior to such hearing, that such “waiver” as occurred in this case cannot be deemed as knowing, intelligent or voluntary, but rather, as the result of petitioner’s frustration with the legal system. The right to due process cannot be circumvented by placing a wall of silence and inaction in petitioner’s path.
*693 Accordingly, the court finds that the petitioner’s final parole revocation hearing was held in violation of section 259-i (subd 3, par [f], cl [v]) of the Executive Law inasmuch as petitioner was not given representation by counsel at the hearing and his “waiver” of such counsel in the absence of counsel, was under these circumstances, ineffective.
Accordingly, petitioner’s application is granted and the writ is sustained only to the extent of vacating the parole revocation decision dated August 23, 1982, which sustained Charge No. 2 of the filed violation of parole .and directing that petitioner be given a new final revocation hearing within 30 days of notice of entry of this order. (Cf. People ex rel. Martinez v New York State Bd. of Parole, 56 NY2d 588.) The court notes in passing that the alleged fact pattern of the underlying parole violations itself may well bring into consideration certain factors listed in People ex rel. Pena v New York State Div. of Parole (83 AD2d 887.)
The secondary motion by petitioner for a court-ordered subpoena for the parole revocation commitment records of ex-parolee, Malverty, is denied. It is not contested but that Malverty maxed out before his parole was violated and the hearings held.