■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD STOLIKER, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered June 19, 1981, which revoked defendant's probation and imposed a sentence of imprisonment. On June 27, 1980, defendant was sentenced on his plea of guilty of grand larceny in the third degree to 60 days in the Albany County Jail and five years' probation. At sentencing the court outlined to defendant the conditions of his probation, which included refraining from contact with and use of controlled substances and refraining from any criminal or other unlawful activity, and advised him that if he violated any of these conditions he would be subject to up to four years' imprisonment. While on probation, defendant was arrested on December 17, 1980 and charged with petit larceny and escape in the third degree, and was again arrested on April 15, 1981 and charged with promoting prison contraband in the second degree and resisting arrest. Following each arrest, defendant was arraigned and released on bail. A few days after the April 15 arrest, defendant spoke with his probation officer at her office and admitted to her, in connection with the April 15 arrest, that he had tried to smuggle marihuana to an inmate in the Rensselaer County Jail in order to get him to testify in his favor at the trial on the December 17, 1980 charges. On May 15, 1981, the Albany County Probation Department filed a petition for violation of probation against defendant. At the subsequent hearing on the probation violation charges, defendant's

probation officer testified as to defendant's admission to her concerning taking marihuana to the Rensselaer County Jail inmate. Thereafter defendant's probation was revoked, and he was resentenced on the grand larceny in the third degree conviction to one to three years' imprisonment. Defendant contends on appeal that his admissions to his probation officer in the absence of counsel concerning the April 15, 1981 promoting prison contraband charge were inadmissible against him at the probation revocation proceeding. It is highly questionable if the right to counsel applies in dealings with a probation officer. Indeed, it has been held that a probationer does not have to receive *Miranda* warnings (*Miranda v Arizona,* 384 US 436) before questioning by his probation officer (*People v Ronald W.,* 24 NY2d 732), and that a probationer does not have the right to have an attorney present during questioning by his probation officer (*United States v Rea,* 678 F2d 382, 390; see, also, *Matter of Utsey v New York State Bd. of Parole,* 89 AD2d 965). A probation officer's primary goal is to rehabilitate probationers (Penal Law, § 65.00, subd 1; *People v Ronald W.,* 24 NY2d 732, 734-735, *supra*), and a probationer is required by statute to "[r]eport to a probation officer as directed by the court or the probation officer" and to "[a]nswer all reasonable inquiries by the probation officer" (Penal Law, § 65.10, subd 3, pars [a], [c]). In this case, these statutory requirements were incorporated into the conditions of probation to which defendant agreed in return for the privilege of avoiding incarceration. If a probationer were entitled to the presence of counsel whenever he was being interviewed by his probation officer — i.e., if he were treated like a pretrial detainee being questioned by the police — this would unduly hamper the goals of the probation status and would tend to render the present system of probation supervision unworkable (see *People v Ronald W.,* 24 NY2d 732, 734-735, *supra; United States v Rea,* 678 F2d 382, 390, *supra*). Even if, however, we were to assume that the right to counsel to any extent applies to questioning by a probation officer, there would have been no violation of that right in this case because at the time of defendant's interview with his probation officer the right had not attached on his behalf. In New York the right to counsel attaches under two distinct sets of circumstances. The first is where there has been an actual or requested entry of counsel about which the police know or should know (*People v Rogers,* 48 NY2d 167; *People v Hobson,* 39 NY2d 479). The second set of circumstances occurs upon the commencement of formal criminal proceedings (*People v Samuels,* 49 NY2d 218; *People v Settles,* 46 NY2d 154). In the instant case, the right to counsel did not attach through entry of counsel in either the violation of probation proceeding or the April 15, 1981 promoting prison contraband action. The violation of probation proceeding was not even initiated until several days after defendant spoke to his probation officer, and there is no proof in the record that counsel had entered the April 15, 1981 (or the Dec. 17, 1980) proceeding at the time defendant spoke to his probation officer. Moreover, during defendant's interview with his probation officer, defendant neither asked to speak to counsel nor in any way attempted to invoke the right to counsel. At the time of defendant's interview with his probation officer, the right to counsel also did not attach through commencement of the unrelated April 15 criminal proceeding, again because there is no evidence that as of the time of defendant's interview with his probation officer defendant was represented by counsel in that unrelated proceeding (*People v Kazmarick,* 52 NY2d 322; *People v Attonito,* 29 NY2d 732; cf. *People v Smith,* 54 NY2d 954; *People v Bartolomeo,* 53 NY2d 225). Moreover, contrary to defendant's assertion, the violation of probation proceeding was related to the original grand larceny conviction out of which it arose and clearly is distinct and unrelated to the April 15 prosecution for promoting prison contraband; it

is irrelevant that the factual circumstance of defendant's taking marihuana into the Rensselaer County Jail is common to both actions. Defendant's remaining assignments of error are equally without merit. Defendant's violation of the conditions of his probation was sufficiently established by his admission to his probation officer concerning his supplying marihuana to a jail inmate. His sentence of one to three years' imprisonment was neither unduly harsh nor excessive. It was well within the statutory limits (Penal Law, § 70.00) and was imposed only after defendant failed to comply with the terms of his original sentence of probation. Accordingly, the judgment should be affirmed. Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.