OPINION OF THE COURT
Kenneth K. Rohl, J.
The defendant is charged with two counts of perjury in the second degree and one count of making an apparently sworn false statement in the first degree.
In essence, these charges result from allegedly false statements sworn to by defendant in a “Financial Disclosure Statement” filed with the Supreme Court, Suffolk *439 County, in an action for divorce and in accordance with section 236 (part B, subd 4) of the Domestic Relations Law.
Subdivision 4, which mandates full and complete financial disclosure in all matrimonial actions, further provides: “Noncompliance shall be punishable by any or all of the penalties prescribed in section thirty-one hundred twenty-six of the civil practice law and rules, in examination before or during trial.”
Defendant, citing People v Valenza (60 NY2d 363), moves to dismiss the charges upon the grounds that the “sole penalty” to be imposed for violating subdivision 4 is the civil remedies of preclusion; striking of pleadings; dismissal; or granting a judgment of default against the disobedient party (CPLR 3126). In other words, defendant urges this court to hold that the failure of subdivision 4 to specifically provide penal sanctions precludes the bringing of criminal charges as against a violator thereof.
The court does not agree.
In People v Valenza (supra), the court held that individuals who collect sales tax but fail to remit such to the State cannot be prosecuted for larceny upon a finding that the Tax Law, itself, provided for both the civil and criminal penalties to be assessed for violations thereof. The court stated (p 367): “In creating the Tax Law, the Legislature provided an integrated statutory regulation that includes a comprehensive scheme of civil and criminal penalties. However, in doing so, the Legislature has excluded failure to pay over sales taxes collected by a vendor from the criminal penalties provision and, instead, has seen fit to impose a substantial civil penalty. The structure of the penalties provision of article 28 of the Tax Law and the Legislature’s failure to deem a withholding of sales tax collected as criminal conduct must be construed as a legislative intention to provide the civil penalty as the exclusive means of prosecuting this conduct.” (Emphasis added.)
In the case at bar, no such comprehensive and integrated penalty scheme exists within the Domestic Relations Law. Rather, CPLR 106 provides that where the “violation of a right admits of both a civil and criminal prosecution, the one is not merged in the other.” (Emphasis added.)
*440 With regard to subdivision 4, the Legislature, on the one hand, saw fit to clearly advise parties to a divorce action that a failure to fully and honestly disclose assets may result in the disobedient party’s having a judgment granted against him or her for the full amount sought by the complaining party. (Cf. Hubbard v Hubbard, 113 Misc 2d 763.)
On the other hand, there is nothing in that statute which makes the civil penalty the sole and exclusive remedy for a violation thereof.
In enacting subdivision 4, the Legislature was fully aware of the general purpose of the Penal Law to proscribe conduct which “causes or threatens substantial harm to individual or public interest” (Penal Law, § 1.05, subd 1) and fully intended not to insulate individuals who file perjurious affidavits with the court from the full panoply of penal sanctions. “In construing statutes, the Court must not depart from everyday common experience and knowledge, and it must not assume that the Legislature, in enacting the statute, acted in a vacuum and without regard to the pooled general knowledge of the legislators themselves.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 91.)
Accordingly, I find that by its enactment of section 236 (part B, subd 4) of the Domestic Relations Law, the Legislature intended to subject violators thereof to civil and/or penal sanctions in the appropriate case.
In all other respects, I have examined the Grand Jury minutes and find them legally sufficient to sustain the charges contained in the indictment.
The defendant’s further request for dismissal of the charges upon a claim of selective prosecution and/or in the interest of justice is granted to the extent that a hearing (CPL 210.45, subd 6) shall be held at a date and time to be set by the Judge then presiding.
In support of his motion, defendant alleges that he is the only person ever criminally prosecuted for a violation of section 236 (part B, subd 4) of the Domestic Relations Law and that such prosecution is the direct result of his refusal to waive immunity and testify before a special investigative Grand Jury.
*441 In this regard, defendant, citing Brady v Maryland (373 US 83), requests that the District Attorney provide him with a list of all other criminal prosecutions in this county for violations of section 236 (part B, subd 4) of the Domestic Relations Law. The requested information need not be provided under Brady since it does not address the innocence or guilt of the defendant. (People v Nelson, 103 Misc 2d 847.)
However, since the defendant, at the hearing, will bear the “heavy burden of showing that a pattern of discrimination has been consciously practiced against him * * * and that the law has been administered ‘with an evil eye and an unequal hand’ ” (People v Goodman, 31 NY2d 262, 269), the District Attorney is directed to advise the defendant as to whether any criminal prosecutions for violations of subdivision 4 have occurred or are currently being undertaken by the District Attorney’s office. While “[t]he conscious exercise of some selectivity in enforcement of the law is not in itself a constitutional violation” (People ex rel. Cleveland v New York State Div. of Parole, 117 Misc 2d 687, quoting People v Goodman, supra), factual findings with regard to whether or not other prosecutions for violations of subdivision 4 have occurred or are occurring may be considered on this issue. (See, e.g., People v Goodman, supra; People v Drake, 92 AD2d 1011.)
Given the defendant’s already existing heavy burden, the District Attorney cannot, in fairness, be permitted to deny a defendant access to information which is strictly within the District Attorney’s control and which is not otherwise available to defendant. However, the District Attorney need not disclose the captions of such prosecutions, only the number thereof.
The court would again reiterate the defendant’s heavy burden and also note that even if this prosecution were the only one of its kind, that fact alone will not be dispositive of the issues absent the defendant’s establishing conscious, intentional discrimination.
With respect to defendant’s demands for discovery and a bill of particulars, the parties are directed to comply with CPL 200.95 and CPL article 240, including all provisions *442 which pertain to protective orders and/or directing compliance with the demands submitted.
The District Attorney shall comply with Brady v Maryland (373 US 83, supra).
Rosario materials will be provided to the defendant after the jury has been sworn and immediately prior to the District Attorney’s opening address.