OPINION OF THE COURT
Per Curiam.
After being paroled from a sentence imposed upon a conviction for robbery in the second degree, relator was arrested for attempted burglary and possession of a weapon. Prior to his release on bail, relator’s Legal Aid counsel advised him of his obligation to report the arrest to his parole officer and further advised him that Legal Aid would represent him at any parole revocation hearing. When relator reported the arrest to his parole officer, he also informed his parole officer that his counsel advised him not to give any details, but, at the parole officer’s urging, he admitted violating the conditions of his parole. The admission was introduced at relator’s final revocation hearing which resulted in a finding that he had violated the terms of his parole and his being remanded for one year or in accordance with any new sentence imposed.
Under these circumstances, any violation of relator’s right to counsel under the State Constitution would not preclude the use at a final parole revocation hearing of statements obtained by the parole officer in the absence of relator’s counsel. A violation of a constitutional right may have different consequences depending upon whether the evidence obtained in violation of that right is attempted to be used in criminal or noncriminal proceedings. Thus, in People v Ronald W. (24 NY2d 732), it was held that statements given by a probationer to his probation officer in a custodial setting without Miranda warnings could sustain the revocation of probation and imposition of sentence. However, in People v Parker (57 NY2d 815, affg 82 AD2d 661), we held that *147 statements made by a Federal parolee to his parole officer under similar circumstances could not be used in a subsequent criminal prosecution (but see, Minnesota v Murphy, 465 US 420). People ex rel. Piccarillo v New York State Bd. of Parole (48 NY2d 76) is not to the contrary. There, we recognized that a parole revocation hearing is different from a criminal trial conducted to determine guilt or innocence, and is, instead, an administrative proceeding at which it is determined whether a parolee violated the terms of parole.
In the present case, both courts below properly determined that relator’s statement could be used at his final revocation hearing and, therefore, the order of the Appellate Division should be affirmed (see also, Matter of Utsey v New York State Bd. of Parole, 89 AD2d 965). We are here not presented with the issue of the permissible uses, if any, of relator’s statements in other proceedings (cf. Minnesota v Murphy, 465 US 420, supra; compare, People v Parker, 57 NY2d 815, affg 82 AD2d 661, supra).
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur in Per Curiam opinion; Judge Titone taking no part.
Order affirmed, without costs.