OPINION OF THE COURT
Herman J. Walz, J.
The question presented in this case is whether a statement by a probationer to a probation officer is admissible in a probation violation hearing, when, at the time of the statement, probationer was represented by counsel for another pending charge. Although there are cases on related questions, appellate courts have not answered this precise question.
In October 1984, counsel was appointed for defendant probationer on new criminal charges. In December 1984, defendant was arrested again, this time for criminal possession of a weapon. His probation officer interviewed him in jail shortly after the arrest. She knew that he was represented on the October charges. During the interview, defendant admitted to his probation officer that he owned the weapon which he was accused of possessing. At a probation violation hearing, this admission was offered to prove the violation.
There was another admission offered at the hearing which need not detain us long. This was an admission to a police officer at the time of the arrest. That admission was made after Miranda warnings had properly been given. However, the admission was given to a police officer from the department where other charges were pending, and at a time when defendant was represented by counsel on those other charges. The defendant was entitled to the assistance of counsel before waiving his *815 Miranda rights. The statement to the police officer is inadmissible. (People v Bartolomeo, 53 NY2d 225.)
The admissibility of the statement to the probation officer presents some difficulty. The closest the courts of this State have come to this issue is People v Ronald W. (24 NY2d 732) and People v Stoliker (94 AD2d 854). In the first case an admission to a probation officer was used at a probation violation hearing despite the fact that the admission was not preceded by Miranda warnings. However, there were no criminal proceedings pending then, and defendant was not represented. The rationale of the holding is clear. The objectives of education and rehabilitation of a probationer are paramount in that relationship. It would defeat the purpose of probation if the probationer was entitled to Miranda warnings and the presence of counsel whenever his probation officer spoke with him.
The case does not deal with our situation in which the defendant was in custody, currently charged with a crime and represented by counsel. The Stoliker case (94 AD2d 854, supra) is closer. In that case, defendant made the admission to his probation officer a few days after his arrest. However, even though in custody, he had not yet retained counsel. The court stated (p 855), “[i]t is highly questionable if the right to counsel applies in dealings with a probation officer”. But the court was not required to make a holding on this point, since it was clear that the right to counsel had not yet attached at the time of the interview.
Thus, on the exact facts of this case, we have a matter of first impression in New York.
A probation violation hearing is a criminal proceeding. (CPL 1.20 [18].) The hearing “occurs in a criminal court and is related to a prospective, pending or completed criminal action”. This court retained jurisdiction of this matter when it placed defendant on probation. (CPL 410.50.) If the court were to find a violation of probation it would resentence in accordance with CPL 410.70 (5). In contrast, a parole revocation hearing is not a stage of a criminal prosecution. (People ex rel. King v Board of Parole, 65 AD2d 465, 468.) It is an administrative hearing. (See, Executive Law §§ 259-a — 259-i.) Therefore, cases involving statements used in a parole hearing are not apposite.
If this probation violation hearing is a criminal proceeding, then the case of People v Parker (82 AD2d 661, affd 57 NY2d 815) must be considered. There, the court held inadmissible in a prosecution for a new crime statements made in the absence of counsel to a parole officer who knew that the parolee was *816 represented by counsel. Not only was the 6th Amendment right to counsel violated, but the court held that 5th Amendment rights were also applicable, and Miranda warnings were required. The court distinguished between a parole violation hearing and a criminal proceeding.
We must also read Minnesota v Murphy (465 US 420,104 S Ct 1136). There, the statement to the probation officer was also used in a criminal proceeding, a new prosecution for a new crime. The question presented was whether Miranda warnings were required. Sixth Amendment right to counsel issues were not raised. Footnote 5 of that decision distinguishes that case from ours. “We emphasize that Murphy was not under arrest and that he was free to leave at the end of the meeting. A different question would be presented if he had been interviewed by his probation officer while being held in police custody or by the police themselves in a custodial setting.” (465 US, at p 429, n 5.) This court is aware of a statement in footnote 7 of that case. “Although a revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding.” (465 US, at p 435, n7.) However, in the light of the New York definition of a criminal proceeding in CPL 1.20 (18), this court finds that a New York probation violation hearing is a criminal proceeding.
The purpose of a probation violation hearing is certainly similar to that of a parole violation hearing. The relationship between a parolee and his officer and a probationer and his officer are also similar. If we were to focus on these factors we would apply the line of cases, such as People ex rel. Maiello v New York State Bd. of Parole (101 AD2d 569), that have held there is no right to counsel when speaking to a parole officer. But the Legislature has mandated altogether different procedures for a probation violation hearing. A parole violation hearing is clearly administrative. The hearing is conducted by a hearing officer appointed by the Chairman of the State Board of Parole. (Executive Law § 259-d.) Although the procedure at the hearing is set out in great detail in Executive Law § 259-i and many due process protections are afforded the parolee, it cannot be seriously claimed that the hearing is a criminal prosecution. The court in People ex rel. King v Board of Parole (65 AD2d 465, supra), at page 468, has so held. “We note at this juncture that a parole revocation hearing is not a stage of a criminal prosecution * * * and the standards applied to the former do not carry over to the latter”.
Since a probation violation hearing is a criminal proceeding, we must apply different standards. Here, defendant was in *817 custody, was charged with new crimes, and was represented by counsel. The probation officer knew all this. In the face of that knowledge she used the power of her office to obtain the admission which she knew she would use against him in the violation hearing. The question of whether Miranda warnings are required by a probation officer when probationer is interviewed while in custody accused of a new crime need not be decided here. The violation of the right to consult with counsel who is already retained is sufficient to suppress the statement. In the absence of that statement there is no proof that defendant violated probation, and the charge is dismissed.