■ PAULINE DESNOYERS, Appellant, v WILFRED DESNOYERS, Respondent.—Kane, J. P. Appeal from a judgment of the Supreme Court (Duskas, J.), ordering, *inter alia,* equitable distribution of the parties' marital property, entered October 20, 1987 in Franklin County, upon a decision of the court, without a jury.

The parties were married in March 1942 and, in 1952, they purchased a home as tenants by the entirety in the Town of Malone, Franklin County. Together they had nine children, all of whom were emancipated at the time plaintiff commenced this action for divorce in January 1984. At the trial of the action, defendant stipulated to stand in default of plaintiff's cause of action for divorce, leaving only the valuation of the parties' assets and the equitable distribution award. After reviewing the evidence and the testimony presented to it, Supreme Court awarded plaintiff $18,000 as a marital distribution, $10,000 as plaintiff's share in the marital home, $100 per week for maintenance and $2,000 for counsel fees. Plaintiff has appealed, contesting the marital distribution award and the amount awarded for counsel fees.

We affirm. Plaintiff initially claims that Supreme Court's determination as to what constituted separate property was erroneous. In 1966 defendant inherited various residential properties from his mother. He improved the properties, rented them and eventually sold several of them, purchasing other properties in the process. In 1970 he purchased a business, improved the premises and opened it as a bar. Initially the bar flourished, but in 1984 reported a loss of $9,000 and in 1985 a loss of $15,000. Previously, in 1963 and 1964, plaintiff had left defendant and the children and did not return to live with defendant until 1976. She then worked in

the bar for three years before again departing in 1983 and initiating her suit for divorce. Defendant also had various bank accounts and certificates of deposit totaling $170,924.

Supreme Court determined that the inherited properties and the subsequently purchased properties were separate property, as well as the $170,924 in liquid assets. It also found that any enhancement of such assets was due solely to defendant's efforts and that no evidence had been introduced as to the value of the appreciation of these assets (see, Domestic Relations Law § 236 [B] [1] [d] [3]). Furthermore, it determined that the liquid assets were attributable to defendant's income from the bar and rentals from the inherited properties. The evidence in the record supports these determinations and we find no error in the court's designation of these assets as separate. Also, $62,029 of the liquid assets was held in trust in various accounts for six of the parties' children. Plaintiff failed to offer any proof to substantiate her claim that these were placed in trust in contemplation of the action for divorce. In fact, as Supreme Court noted, defendant had maintained various accounts from time to time to benefit several of his children prior to the parties' last separation.

Plaintiff also claims that the bar was a joint marital asset. Supreme Court did not expressly rule that the bar was separate property although it treated it as such. While the source of the purchase money for the bar was not explained, plaintiff did testify that she had nothing to do with its purchase. Since defendant had no real estate dealings, other than the marital home, before he inherited his other properties, and plaintiff failed to show that the bar was purchased with other funds, it can be inferred that the bar was purchased with the cash flow generated from the inherited properties and was, therefore, separate property (see, Domestic Relations Law § 236 [B] [1] [d] [3]). Although as separate property, plaintiff was entitled to share in any appreciation thereof due to her efforts or contributions (see, Domestic Relations Law § 236 [B] [1] [d] [3]), she offered no figure as to the value of her work in the bar. The bar has also recently begun to suffer losses and any claim of appreciation is questionable at this point.

Furthermore, even if it could be said that the bar was a marital asset entitling plaintiff to an equitable distribution based on her direct or indirect contributions thereto (see, Domestic Relations Law § 236 [B] [5] [d] [6]), she returned to the marital home six years after the bar was purchased, and until that time its operation and expansion was due solely to defendant's efforts and plaintiff gave no value as to her

contribution. Therefore, the $18,000 awarded by Supreme Court was a reasonable compensation for her equitable interest in the bar. She contributed only minimally to its prosperity and the court's distribution sufficiently compensated her for her contributory efforts (cf., Brennan v Brennan, 103 AD2d 48, 53).

Nor do we accept plaintiff's claim that she is entitled to one half of defendant's liquid assets as a punitive measure for his having underestimated such assets during disclosure. Defendant had listed approximately $108,000 in liquid assets, although Supreme Court adopted the amounts supplied by plaintiff's subpoenaed documents to arrive at the $170,924 figure for liquid assets. The court had adequate civil (see, CPLR 3126; Reed v Reed, 93 AD2d 105) and criminal remedies (see, People v Russo, 124 Misc 2d 438) within its discretion to apply to a noncomplying party and there was no evidence of willful noncompliance on defendant's part (cf., Reed v Reed, supra, at 108). At trial, plaintiff also testified that the cash in defendant's bank accounts was based on his failure to report all of the proceeds from the bar for tax purposes. As a result, and based on her claim that the bar was marital property, she argues that she is therefore entitled to one half of the liquid assets. This claim is without merit. Apart from the fact that she presented no evidence to support this assertion, plaintiff misconstrues the purpose behind equitable distribution. It was not designed to punish parties for their actions but to treat the marriage as an economic partnership and recognize each party's contribution thereto (see, Ackley v Ackley, 100 AD2d 153, 155, lv dismissed 63 NY2d 605).

As a final matter, there is nothing in the record to show any abuse of discretion by Supreme Court in the amount of counsel fees awarded to plaintiff (see, Domestic Relations Law § 237 [a]; O'Brien v O'Brien, 66 NY2d 576, 590).

Judgment affirmed, without costs. Kane, J. P., Mikoll, Levine, Harvey and Mercure, JJ., concur.