PER CURIAM.
The State of Florida appeals an adverse order granting Ruben H. Roque’s (“defendant”) motion to suppress, claiming fingerprint evidence found on a cigarette carton in a burglarized home provided probable cause to arrest the defendant. We agree and reverse.
The defendant was arrested for burglary after his fingerprint was identified on a half-empty carton of cigarettes found in a burglarized home. The break-in was reported by the son of the owners who stated neither of his parents were smokers. Numerous items were missing from the ransacked home. A pile of dirty old clothes was found in the home that did not belong to the residents, and it appeared someone had been spending time in the house as evidenced by a pile of used candles and a pizza in the microwave.
Latent fingerprints retrieved from the cigarette carton found in the home were matched to the defendant. The detective assigned to the case knew the defendant was homeless, and after receiving the fingerprint information issued a BOLO. The defendant was located and thereafter arrested for the burglary.
*51 At the police station, identification technicians photographed the defendant wearing clothing allegedly taken from the house in question. The defendant signed a Miranda rights waiver form, and admitted he entered the home seeking food and shelter in both oral statements and a written statement. Subsequently, the defendant filed a motion to suppress the photographs and his statements to the police. The trial court granted the motion and the State now appeals.
We agree with the State’s contention that the trial court erred in granting the motion to suppress. The comparison of latent prints and known prints already on file provides sufficient probable cause for a warrantless arrest thereby rendering admissible any evidence derived as a result of such an arrest. See Johnson v. State, 660 So.2d 648 (Fla.1995); Nettles v. State, 248 So.2d 259 (Fla. 2d DCA 1971).
Here, the defendant’s fingerprint on the cigarette carton found in the home, combined with the other evidence of the dirty clothes and pizza, the fact that the owners did not smoke, and that the defendant was known to the police as a homeless person, clearly formed sufficient probable cause for the arrest. See Revels v. State, 666 So.2d 213 (Fla. 2d DCA 1995); State v. Russell, 659 So.2d 465 (Fla. 3d DCA), review denied, 665 So.2d 220 (Fla.1995). Accordingly, we reverse the motion to suppress entered below.
Reversed.